1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

8

EASTERN DISTRICT OF CALIFORNIA

9

10

11 JAMIE GRACE,

Plaintiff,

No. 2:20-CV-01933-TLN-KJN

12

v.

13 ASHLEY HOME STORE WAREHOUSE, INC.; JORDAN MCKENZIE; AND DOES 1 through 20, inclusive,

**ORDER**

14

15

Defendant.

16

17      This matter is before the Court on Plaintiff Jamie Grace's ("Plaintiff") Petition to Vacate

18 Final Arbitration Award.  (ECF No. 19.)  Defendant Stoneledge Furniture LLC[1] ("Defendant")

19 filed an opposition.  (ECF No. 21.)  Plaintiff did not file a reply.  For the reasons set forth below,

20 the Court DENIES Plaintiff's petition.

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27

---

28 [1]     Plaintiff erroneously named Ashley Home Store Warehouse, Inc. as a Defendant in this case.  The proper Defendant is Stoneledge Furniture LLC.

1

1        **I.     FACTUAL AND PROCEDURAL BACKGROUND**

2            Plaintiff was a former employee of Randstad Inhouse Services, LLC ("Randstad"), a

3    staffing agency that provides outsourcing and staffing services within logistics and manufacturing

4    areas.  (ECF No. 5 at 3.)  From December 27, 2018 to December 28, 2018, and again from

5    January 20, 2019 to March 15, 2019, Randstad assigned Plaintiff to work at Defendant's Lathrop,

6    California, distribution center as a returns clerk.  (*Id*. at 3–4; ECF No. 1-1 at 7.)  Before beginning

7    work with Defendant, Plaintiff signed an arbitration agreement with Defendant (the "Arbitration

8    Agreement").  (ECF No. 19 at 6.)

9            On July 15, 2020, Plaintiff filed a lawsuit in California Superior Court under the

10   California Fair Employment and Housing Act ("FEHA") against Defendant, alleging gender

11   discrimination.  (*Id*.)  Defendant removed Plaintiff's action to this Court and subsequently filed a

12   motion to compel arbitration based on the Arbitration Agreement.  (ECF No. 21 at 3.)  Pursuant

13   to the parties' stipulation, the Court referred the case to arbitration.  (*Id*.; ECF No. 19 at 6.)

14           Plaintiff filed her demand for arbitration on October 15, 2021.  (ECF No. 19-2 at 8.)

15   Defendant filed a demurrer, contending Plaintiff's demand was untimely because § 1281.12 of the

16   California Code of Civil Procedure ("§ 1281.12") required Plaintiff to file her demand for

17   arbitration by January 7, 2021.  (*Id*.; ECF No. 21 at 11.)  The Arbitrator agreed and found

18   Plaintiff's demand was untimely and dismissed her FEHA claim.  (ECF No. 19-2 at 8.)

19           Plaintiff then sought leave to amend her demand and replace her time barred FEHA claim

20   with claims arising under the California Constitution and/or under the California labor code.  (*Id*.

21   at 10.)  Plaintiff argued the statute of limitations under the new claims is two years, and such

22   claims would be timely.  (*Id*.)  Defendant argued permitting Plaintiff to amend her demand based

23   on conduct that occurred more than three years ago would not be just, given her tardiness in filing

24   her demand.  (*Id*. at 11.)  The Arbitrator agreed and denied Plaintiff's request for permission to

25   amend her demand.  (*Id*.)

26            On April 12, 2022, the Arbitrator issued an order granting Defendant's demurrer and

27   denying Plaintiff leave to amend.  (ECF No. 21 at 3.)  On July 8, 2022, Plaintiff filed the instant

28   petition to vacate the April 12, 2022 award.  (ECF No. 19.)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**II.    SERVICE**

As an initial matter, Defendant argues Plaintiff's motion should be denied because

Plaintiff did not properly serve Defendant the notice and motion under 9 U.S.C. § 12 ("§ 12").

(ECF No. 21 at 3.)  Instead, Plaintiff served Defendant through e-mail.  (*Id*. at 4.)

Section 12 sets out the ways in which a motion to vacate must be served on adverse

parties:

> If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court.  If the adverse party shall be a nonresident then the notice of the [petition to vacate arbitration award] shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. §12.  Defendant is not a resident of the district in which the award was made.

(ECF No. 21 at 3.)  Therefore, the notice of the petition to vacate arbitration award was

properly served only if it was "served by the marshal of any district within which the

adverse party may be found in like manner as other process of the court."  9 U.S.C. §12.

Courts across different jurisdictions apply § 12's service requirements for

nonresidents inconsistently. "[S]ome courts interpret the statute to permit compliance with

Federal Rule of Civil Procedure 4 ('Rule 4'), while other courts strictly adhere to the

statutory text and require service by a United States marshal." *Agrasanchez v.

Agrasanchez*, No. CV227485DSFPLAX, 2022 WL 18587019, at *3 (C.D. Cal. Dec. 29,

2022); *Bruno v. Abeyta*, No. CV-18-01124-PHX-DGC, 2018 WL 5634129, at *2 (D. Ariz.

Oct. 31, 2018) (collecting cases and noting that the "[c]ourt has found no definitive

interpretation of § 12's service requirements for residents or nonresidents by the Ninth

Circuit").

Having reviewed the relevant cases, the Court agrees the marshal requirement is

"an artifact of the era in which United States marshals were the default servers of process

in federal courts, an era that ended in the early 1980s." *Technologists, Inc. v. MIR's Ltd.*,

725 F. Supp. 2d 120, 126 (D.D.C. 2010); *Agrasanchez,* 2018 WL 5634129 at *4 (same);

*see also Amazon.com, Inc. v. Arobo Trade, Inc.*, No. C17-0804JLR, 2017 WL 3429676, at

3

1   *4 (W.D. Wash. Aug. 9, 2017).  Thus, the Court finds Plaintiff was not required to serve

2   Defendant by United States marshal under § 12.

3          Courts who abandon § 12's marshal service requirement instead focus on the

4   phrase "in like manner as other process of the court" and interpret it to refer to Rule 4.

5   *Technologists, Inc.*, F. Supp. 2d at 126.  Rule 4 does "not permit alternate service by e-

6   mail, unless it is allowed by the laws of the state where the district court is located or

7   where service is made, or it is ordered by a court." *Agrasanchez*, 2022 WL 18587019, at

8   *4; *see* Fed. R. Civ. P. 4(e)(1), 4(f)(3), 4(h)(2).

9          Defendant is a resident of both Wisconsin and Florida.  (ECF. No. 21 at 3.)   Under

10  the Florida Rule of General Practice and Judicial Administration 2.516, "all documents

11  required or permitted to be served on another party must be served by e-mail, unless the

12  parties otherwise stipulate or [Rule 2.516] otherwise provides."  Fla. R. Gen. Prac. & Jud.

13  Admin. 2.516(b)(1).  Thus, under Florida law, e-mail service upon Defendant was

14  required unless otherwise stipulated.  Because there is no indication from the record

15  Defendant stipulated it would not accept service via e-mail, the Court finds Plaintiff

16  properly served Defendant under § 12.

17          **III.    REVIEW OF THE ARBITRATION AWARD**

18          "[F]ederal court review of arbitration awards is extremely limited." *Shearson/American

19  Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1983).  Courts may vacate an award only where:

20  (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality

21  or corruption in the arbitrators; (3) any party was prejudiced by an arbitrator's misconduct; or (4)

22  the arbitrators exceeded their powers.  9 U.S.C. § 10(a); *U.S. Life Ins. v. Superior Nat. Ins. Co.*,

23  591 F.3d 1167, 1173 (9th Cir. 2010).  "The burden of establishing grounds for vacating an

24  arbitration award is on the party seeking it." *Id*.  The grounds for vacatur of arbitration awards

25  "afford an extremely limited review authority, a limitation that is designed to preserve due

26  process but not to permit unnecessary public intrusion into private arbitration procedures."

27  *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 998 (9th Cir. 2003).

28  ///

1    In the instant case, Plaintiff contends the Court should vacate the Arbitrator's final award

2    because "the Arbitrator exceeded his powers and should have applied the FAA when deciding

3    whether the Statute of Limitations applied in the case." (ECF No. 19 at 5.)  Put differently,

4    Plaintiff is asking the Court to review the Arbitrator's factual findings and legal conclusions and

5    determine whether Plaintiff should have been able to amend her demand under the FAA.

6    However, the Court is prohibited from doing so.  "Neither erroneous legal conclusions nor

7    unsubstantiated factual findings justify federal court review of an arbitral award under the statute,

8    which is unambiguous in this regard." *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341

9    F.3d 987, 994 (9th Cir. 2003).  Instead, a court may only vacate the award of an arbitrator who

10   has exceeded his powers when the award itself is "completely irrational" or "exhibits a manifest

11   disregard of the law." *Id*. at 997.

12       Plaintiff argues the arbitration award is "completely irrational" because the Arbitrator

13   applied the CAA and not the FAA in denying her FEHA claim and leave to amend her demand.

14   (ECF No. 19 at 1, 7–8.)  An award is "completely irrational only where the arbitration decision

15   fails to draw its essence from the agreement." *Lagstein v. Certain Underwriters at Lloyd's,*

16   *London*, 607 F.3d 634, 642 (9th Cir. 2010).  An arbitration award "draws its essence from the

17   agreement if the award is derived from the agreement." *Bosack v. Soward*, 586 F.3d 1096, 1106

18   (9th Cir. 2009).  The Arbitration Agreement states, "This agreement shall be governed by the

19   Federal Arbitration Act and the Arbitration Act of the state in which I worked for the Company."

20   (ECF No. 19-2 at 2.)  Given Plaintiff worked for Defendant in California, the Arbitrator's

21   application of the CAA and California law is not "fundamentally at odds" with the Arbitration

22   Agreement.  Whether the Arbitrator should have applied the FAA instead of the CAA because the

23   FAA preempts the CAA is beyond this Court's scope of review.  A court does not "decide the

24   rightness or wrongness of the arbitrators' contract interpretation, only whether the panel's

25   decision 'draws its essence' from the contract." *Pacific Reinsurance Mgmt. Corp. v. Ohio*

26   *Reinsurance Corp.*, 935 F.2d 1019, 1024 (9th Cir.1991).  Because the final arbitration award

27   "drew its essence" from the Arbitration Agreement, the Court finds it is not "completely

28   irrational."

1    Next, Plaintiff argues the Arbitrator exhibited a manifest disregard for the law by failing

2    to cite any law which provides a specific statute of limitations for her new proposed claims and

3    then barring leave to amend based on "repackaged [] statute of limitations argument that applied

4    to the FEHA claim," while giving "no view about [her] timeliness contentions." (ECF No. 19 at

5    9–10.) This, however, is not true. The Arbitrator explained they denied Plaintiff leave to amend

6    because Plaintiff "did not amend her Demand during the period that [§] 472 of the California

7    Code of Civil Procedure entitled her to do so" and the already "long delay imperil[ed] the fairness

8    of a hearing on the merits." (ECF No. 21-1 at 71– 72.) Regardless, "[a]rbitrators are not required

9    to set forth their reasoning supporting an award." *Bosack v. Soward*, 586 F.3d 1096, 1104 (9th

10   Cir. 2009). Thus, even if the Arbitrator gave no reasoning as to why they denied Plaintiff's leave

11   to amend, it would not be grounds for vacatur.

12   Furthermore, "manifest disregard . . . requires 'something beyond and different from a

13   mere error in the law or failure on the part of the arbitrators to understand and apply the law.'"

14   *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir.2007) (quoting *San Martine Compania*

15   *De Navegacion, S.A. v. Saguenay Terminals Ltd.*, 293 F.2d 796, 801 (9th Cir.1961)). "[T]o

16   demonstrate manifest disregard, the moving party must show that the arbitrator 'underst[oo]d and

17   correctly state[d] the law, but proceed[ed] to disregard the same.'" *Collins*, 505 F.3d at 879.

18   "There must be some evidence in the record, other than the result, that the arbitrators were aware

19   of the law and intentionally disregarded it." *Bosack*, 586 F.36 at 1104 (quoting *Lincoln Nat'l Life*

20   *Ins. Co. v. Payne*, 374 F.3d 672, 675 (8th Cir.2004)). Having reviewed the record, the Court

21   finds there is no evidence the Arbitrator intentionally disregarded law which would have

22   permitted Plaintiff leave to amend her demand. Thus, the Court finds Arbitrator did not exceed

23   their power by exhibiting a manifest disregard for the law.

24   Accordingly, the Court does not vacate the final arbitration award issued on April 12,

25   2022.

26   ///

27   ///

28   ///

1

**IV.     CONCLUSION**

2     For the foregoing reasons, the Court DENIES Plaintiff's petition to vacate the final

3   arbitration award in its entirety.  (ECF No. 19.)  The Clerk of Court is directed to close this case.

4     IT IS SO ORDERED

5     Dated:  September 22, 2023

6

7

8                                Troy L. Nunley
                                 United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28